**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VI-JON, LLC,[1] | Case No. 26-11216 (___) |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS**
**(I) AUTHORIZING THE DEBTOR TO (A) REDACT CERTAIN PERSONALLY**
**IDENTIFIABLE INFORMATION FROM THE CREDITOR MATRIX AND OTHER**
**DOCUMENTS, (B) LIST ADDRESSES OF REPRESENTED LITIGATION**
**CLAIMANTS' COUNSEL IN THE CREDITOR MATRIX AND OTHER FILINGS IN**
**LIEU OF REPRESENTED LITIGATION CLAIMANTS' ADDRESSES AND SERVE**
**REPRESENTED LITIGATION CLAIMANTS AT SUCH ADDRESSES**
**AND (C) LIST THE TWENTY LAW FIRMS REPRESENTING**
**THE LARGEST NUMBER OF REPRESENTED LITIGATION**
**CLAIMANTS INSTEAD OF THE TWENTY LARGEST**
**UNSECURED CREDITORS, (II) APPROVING**
**NOTICE OF COMMENCEMENT PROCEDURES,**
**AND (III) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") respectfully states the

following in support of this motion (the "Motion"):[2]

**RELIEF REQUESTED**

1.     The Debtor seeks entry of an interim and a final order (respectively, the "Interim

Order" and "Final Order"), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**,

respectively, granting, among other things, the following relief:

    a.   authorizing the Debtor, in its sole discretion, to:

---

[1] The Debtor in this chapter 11 case is Vi-Jon, LLC. The last four digits of the Debtor's federal tax identification number are 8002. The Debtor's service address is 8800 Page Ave., St. Louis, MO 63114.

[2] A detailed description of the Debtor, its business and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case are set forth in greater detail in the *Declaration of Mackenzie Shea in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

v.

i. redact certain personally identifiable information of individual creditors from the list containing the name and complete address of each creditor, as provided by Local Bankruptcy Rule 1007-2(a) (the "Creditor Matrix"), and from certain other documents filed in this chapter 11 case (this "Chapter 11 Case");

ii. list the addresses of counsel of record for the Represented Litigation Claimants (as defined below) in the Creditor Matrix and other filings in lieu of the Represented Litigation Claimants' addresses and serve all notices, mailings, and other communications in this Chapter 11 Case on the Represented Litigation Claimants' counsel; and

iii. file the Top Plaintiffs' Counsel List (as defined below) in lieu of filing a list of the 20 largest unsecured creditors;

b. authorizing the Debtor to implement certain procedures for the mailing and publication of the notice announcing the commencement of this Chapter 11 Case and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"); and

c. granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtor confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by

the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal bases for the relief requested in this Motion are sections 105(a), 107(c), 342(c)(1) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1, 1007-2 and 2002-1.

## BACKGROUND

5.      The Debtor is a provider of private-label dry bath products consisting of Epsom salts and body powders.  The Debtor's products are sold across retail and e-commerce channels in the United States to major retailers such as Amazon, Dollar General, Kroger, TopCo, and Walgreens.  The Debtor leverages shared-services and co-manufacturing agreements with its affiliates for sourcing, manufacturing, packaging, testing, quality control, and distribution of its products.

6.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.  The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in this case, and no statutory committee has been appointed.

7.      Additional information regarding the Debtor's business, capital structure and circumstances preceding the Petition Date may be found in the First Day Declaration.

3

**THE DEBTOR'S ONGOING LITIGATION**

8.      As set forth in greater detail in the First Day Declaration, the Debtor has been named as a defendant in 367 active talc-related lawsuits (the "Talc-Related Cases" and the claims asserted thereunder, the "Talc-Related Claims") relating to the production and sale of talc products from 1963 to 2016.  Claimants holding Talc-Related Claims who are represented by counsel (collectively, the "Represented Litigation Claimants") largely consist of retail consumers who allege that the Debtor's talc products caused personal injury, wrongful death, and/or economic loss.  The Debtor disputes its liability in the Talc-Related Cases.  The Debtor believes that its talc was safe, that the Talc-Related Claims are without medical or scientific merit, and that exposure to the Debtor's talc products has not caused any personal injuries.

9.      The Talc-Related Cases are ongoing in various state and federal courts across the country, and no official representative of the consolidated Represented Litigation Claimants has been appointed at this time.

**BASIS FOR RELIEF REQUESTED**

I.      **The Court Should Authorize the Debtor to Redact Certain Personally Identifiable Information of Individual Creditors.**

10.      Pursuant to section 107(c) of the Bankruptcy Code, the Debtor requests authority to redact the addresses of individual creditors from public filings in this Chapter 11 Case.  Section 107(c)(1) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

4

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

11. Public disclosure of individual creditors' contact information presents significant privacy and safety concerns and provides little corresponding benefit where such information can be preserved in a confidential, unredacted version, and made available to appropriate parties under Court-approved procedures.

12. Courts in this and other districts have repeatedly recognized that public disclosure of individual creditors' home addresses and other identifying information can create meaningful privacy and safety risks. Mar. 10, 2022 Hr'g Tr. at 25:13–16, *In re Art Van Furniture, LLC*, Case No. 20-10553 (Bankr. D. Del. Mar. 10, 2022) [Docket No. 82] ("[A]t this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief."); Dec. 19, 2019 Hr'g Tr. at 61:1–8, *In re Forever 21, Inc.*, Case No. 19-12122 (KG) (Bankr. D. Del. Dec. 20, 2019) [Docket No. 605] ("The Court has serious concerns with requiring disclosure of home addresses of employees and the violation of privacy and safety concerns. The threat to the employees is real."); Sept. 23, 2024 Hr'g Tr. at 113:1–4, *In re Red River Talc LLC*, Case No. 24-90505 (CML) (Bankr. S.D. Tex. Sept. 23, 2024) [Docket No. 117] (emphasizing the importance of redacting personally identifiable information). "The Court can take judicial notice of the fact that identity theft is a world-wide problem." *In re Endo Int'l plc*, 2022 WL 16640880, at *10 (Bankr. S.D.N.Y. Nov. 2, 2022).

13. In light of the foregoing concerns, it is common practice in this district to redact the home and email addresses of individuals. *See* July 11, 2025 Hr'g Tr. at 22:18-21, *In re Alachua Gov't Servs., Inc.*, Case No. 25-11289 (JKS) (Bankr. D. Del. July 11, 2025) [Docket No. 49] ("The redaction of home addresses and email addresses of individuals is consistent with the practice in this District so I will enter the proposed order."); Oct. 3, 2023 Hr'g Tr. at 57:21-24, *In re Barretts*

*Minerals Inc.*, Case No. 23-90794, (Bankr. S.D. Tex. Oct. 3, 2023) [Docket No. 114] ("I want to take every possible precaution to preserve the privacy rights of those folk who do not voluntarily come to a bankruptcy case and who are not lawyers who more or less sign up for that process.").

14.     In this case, the risk of identity theft or injury to innocent individual creditors of the Debtor outweighs the presumption in favor of public access to judicial records and papers, or concerns of judicial efficiency. *See In re Endo Int'l plc,* 2022 WL 16640880, at \*11 (holding that privacy interests outweighed presumption of public access).  There is minimal, if any, benefit to the public disclosure of individual creditors' personal information in this Chapter 11 Case.  *In re Genesis Global Holdco, LLC*, 652 B.R. 618, 643 (Bankr. S.D.N.Y. 2023) (no public interest in the personal information at issue in motion to redact creditor matrix and other filings).

15.     The Debtor respectfully submits that it is appropriate to authorize the Debtor to redact the home addresses and email addresses (collectively, the "Personally Identifiable Information") of individuals from the Creditor Matrix, the Debtor's schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules and SOFA"), affidavits or certificates of service, and any paper filed or to be filed with the Court in this Chapter 11 Case. The Debtor will make the unredacted version of any applicable filings available to (a) the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and counsel to any official statutory committee appointed in this Chapter 11 Case and (b) to any party in interest, upon request that is reasonably related to this Chapter 11 Case; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity that is not a party to the request and the receiving party shall agree that the unredacted version(s) of the documents shall be maintained in strict confidence and shall not be used for any purpose that is not reasonably related to this Chapter 11 Case.

16.     Additionally, consistent with the Local Rules, the Debtor has simultaneously herewith filed an application seeking to retain Omni Agent Solutions, Inc. as its claims and noticing agent (the "Claims and Noticing Agent").  If such application and the relief sought in this Motion are granted, the Debtor will instruct the Claims and Noticing Agent to serve the individuals at their personal addresses or counsels' addresses, as applicable, ensuring that each individual creditor will receive the same notices in this Chapter 11 Case as all other creditors without the potentially harmful disclosure of these details.

17.     Courts in this district and in other jurisdictions have therefore authorized debtors to redact individual home addresses, email addresses, and other personally identifiable information from creditor matrices, schedules and statements, certificates of service, and other papers filed with the court.  *See, e.g.*, *In re AIO US, Inc.,* Case No. 24-11836 (CTG) (Bankr. D. Del. Aug. 14, 2024) [Docket No. 51] (authorizing redaction of home addresses and email addresses of individuals from the creditor matrix, schedules, affidavits or certificates of service, and other papers filed with the court); *In re Exactech, Inc., et al.*, Case No. 24-12441 (LSS) (Bankr. D. Del. Oct. 31, 2024) [Docket No. 98] (authorizing redaction of home addresses and email addresses of natural persons from applicable filings); *In re Kidde-Fenwal, Inc.*, Case No. 23-10638 (LSS) (Bankr. D. Del. June 30, 2023) [Docket No. 228] (authorizing redaction of addresses of individual creditors); *In re Miyoshi America, Inc.*, Case No. 26-90522 (CML) (Bankr. S.D. Tex. Apr. 28, 2026) [Docket No. 52] (authorizing redaction of names, home and email addresses, and other personally identifiable information of natural persons).

18.     Accordingly, the Debtor respectfully submits that cause exists to authorize the Debtor to redact the Personally Identifiable Information from the Creditor Matrix, Schedules and SOFA, and any other filing with the Court or made publicly available in this Chapter 11 Case.

Absent such relief, the Debtor would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtor, are at risk of stalking, harassment, or other misuse of their Personally Identifiable Information.

**II.     The Court Should Authorize the Debtor to List the Addresses of Counsel to the Represented Litigation Claimants on the Creditor Matrix and Serve Notice on the Represented Litigation Claimants at Such Addresses.**

19.     Pursuant to section 105(a) of the Bankruptcy Code and Local Rule 1001-1(c), the Debtor requests authorization to list the addresses of counsel to Represented Litigation Claimants on the Creditor Matrix and other filings in lieu of the individual addresses of the Represented Litigation Claimants and to serve all notices, mailings and other communications on the Represented Litigation Claimants' counsel.

20.     Generally, Bankruptcy Rule 1007(a) and Local Rules 1007-1(a) and 1007-2(a) require a debtor to file with the voluntary petition for relief a list containing the name and address of each creditor. However, section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). In addition, the Court has authority to "enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by [the Bankruptcy Rules]." Fed. R. Bankr. P. 2002(m). Local Rule 1001-1(c) further allows the modification of the Local Rules by the Court in "the interest of justice." Del. Bankr. L.R. 1001-1(c). To satisfy the requirements of due process, notice procedures must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (describing notice required to satisfy due process).

21.    Accordingly, courts in various districts presiding over cases that involve mass litigation have published opinions holding that due process was satisfied where notice had been provided to the counsel of record for claimants engaged in litigation with the noticing party. *See, e.g.*, *In re Garlock Sealing Techs., LLC*, 2017 WL 2539412, at *15 (W.D.N.C. June 12, 2017) (finding all asbestos claimants had been afforded due process when debtors provided notice of their proposed plan of reorganization and confirmation hearing to asbestos claimants' counsel, rather than to asbestos claimants); *In re Residential Capital, LLC*, 2015 WL 2256683, at *7 (Bankr. S.D.N.Y. May 11, 2015) (finding notice to a creditor's attorney was proper where the attorney represented the creditor in a state court action with a sufficient nexus to the bankruptcy case); *In re Muralo Co., Inc.*, 295 B.R. 512, 525 (Bankr. D.N.J. 2003) ("In a mass tort case such as this . . . this court believes that service on counsel could well be 'better' in substantive terms (not just 'administratively') than certain other individualized service alternatives."); *see also In re Schicke*, 290 B.R. 792, 805–06 (B.A.P. 10th Cir. 2003) (finding notices of chapter 7 proceedings sent to attorney representing a judgment creditor in non-bankruptcy litigation was the best notice possible where the debtor did not know the creditor's contact information), *aff'd*, 97 F. App'x 249 (10th Cir. 2004); *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (indicating that if an attorney had been representing a plaintiff in enforcing her claim against debtor, notice sent to counsel could be imputed to the plaintiff).

22.    The Debtor submits that permitting the Debtor to list the addresses of the Represented Litigation Claimants' counsel, and to serve notices and mailings upon such counsel, in lieu of the Represented Litigation Claimants themselves, satisfies due process and would be in the interest of justice.  The Debtor is a defendant in hundreds of Talc-Related Cases, and the Represented Litigation Claimants are personal injury claimants represented by numerous law

9

firms, which will have the most current knowledge of their clients' contact information and are likely better positioned to receive communications than the Represented Litigation Claimants. Further, the contact information of such law firms is more likely to remain unaltered over time.  In contrast, in the ordinary course of business, the Debtor does not even maintain the addresses of individual plaintiffs who have sued the Debtor, and to the extent the Debtor does maintain those addresses, these records may be incomplete, obsolete, or unreliable.

23. Listing and using the addresses of Represented Litigation Claimants' counsel to provide notice will dramatically ease the administrative burden on the Debtor and help minimize cost at this critical juncture.  In addition, listing and sending communications to the Represented Litigation Claimants' counsel may be a more effective means of updating Represented Litigation Claimants.  In particular, individual Represented Litigation Claimants may be unfamiliar with the notices and pleadings that will be served in this Chapter 11 Case and will rely on their counsel to act in response to such communications.  Accordingly, the Debtor requests authorization to list the addresses of counsel to the Represented Litigation Claimants on the Creditor Matrix and other filings in lieu of the individual addresses of the Represented Litigation Claimants and serve all notices, mailings and other communications on the Represented Litigation Claimants' counsel.  In addition, for counsel to the Represented Litigation Claimants that represent multiple Represented Litigation Claimants, the Debtor seeks authorization to serve each document only a single time on such counsel on behalf of all of such counsel's clients; *provided* that any notice or other document relating specifically to one or more particular Represented Litigation Claimants (rather than all Represented Litigation Claimants represented by a particular firm) shall clearly identify the parties to whom it relates.

24.     Courts in this district and others have routinely granted relief similar to the relief requested herein.  *See, e.g.*, *In re AIO US, Inc.*, Case No. 24-11836 (CTG) (Bankr. D. Del. Aug. 14, 2024) [Docket No. 51] (authorizing the debtors to serve notice upon addresses of tort claimants' counsel of record where tort claimants' address was not known and refusing to require the debtor to search for any personal addresses not available in the debtors' own books and records); *In re Kidde-Fenwal, Inc.*, Case No. 23-10638 (LSS) (Bankr. D. Del. June 30, 2023) [Docket No. 228] (permitting the debtor to provide all notices, mailings, and communications to the counsel of record of tort claimants where tort claimants' address was not known as of the petition date and allowing debtor to serve each document once for firms representing multiple claimants); *In re Cyprus Mines Corp.*, Case No. 21-10398 (LSS) (Bankr. D. Del. Mar. 30, 2021) [Docket No. 202] (same); *In re Presperse Corp.*, Case No. 24-18921 (MBK) (Bankr. D.N.J. Oct. 2, 2024) [Docket No. 94] (authorizing debtor to list counsel addresses in the creditor matrix in lieu of talc personal injury claimants' addresses and provide notices, mailings, and other communications through counsel of record); *In re Whittaker, Clark & Daniels, Inc.*, Case No. 23-13575 (MBK) (Bankr. D.N.J. June 6, 2023) [Docket No. 177] (authorizing debtors to provide notices, mailings, and other communications through counsel of record).

III.    **The Court Should Authorize the Debtor to File a List of the Twenty Law Firms Representing the Largest Number of Represented Litigation Claimants.**

25.     Pursuant to Bankruptcy Rule 1007(d), "a debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form."  Fed. R. Bankr. P. 1007(d). This list is used by the U.S. Trustee to evaluate the number, amounts and type of unsecured claims against a debtor and thus identify

11

potential members of an official committee of unsecured creditors that may be appointed in the debtor's case under section 1102 of the Bankruptcy Code.

26.     Because the vast majority of the Debtor's creditors are expected to be Represented Litigation Claimants, the Debtor believes that publishing a list of the law firms representing the largest number of Represented Litigation Claimants (the "Top Plaintiffs' Counsel List") would best facilitate the U.S. Trustee's appointment of a committee.  In comparison, compiling a list of individual Represented Litigation Claimants holding the largest unsecured claims in this Chapter 11 Case would be imprecise and not useful.  The Debtor cannot accurately determine which of the myriad potential tort claims are the largest as the alleged damages remain in dispute and unliquidated.  In turn, publishing an imprecise and unreliable list of Represented Litigation Claimants would hinder, rather than facilitate, the U.S. Trustee's efforts to appoint the committee. Therefore, the Debtor maintains that filing the Top Plaintiffs' Counsel List would facilitate the disclosure of information as required by Bankruptcy Rule 1007(d).

27.     Courts in this district and others have routinely granted relief similar to the relief requested herein.  *See, e.g.*, *In re AIO US, Inc.*, Case No. 24-11836 (CTG) (Bankr. D. Del. Aug. 14, 2024) [Docket No. 51] (authorizing debtors to file a list of the top 22 law firms with the most significant talc claimant representations, as determined by volume of talc claims, and a consolidated list of the 20 largest unsecured claims excluding talc claims); *In re Kidde-Fenwal, Inc.*, Case No. 23-10638 (LSS) (Bankr. D. Del. June 30, 2023) [Docket No. 228] (authorizing debtor to file Top Twenty Counsel List in lieu of a list of creditors holding the 20 largest unsecured claims); *In re Cyprus Mines Corp.*, Case No. 21-10398 (LSS) (Bankr. D. Del. Mar. 30, 2021) [Docket No. 202] (permitting debtor to file a list of the 20 law firms with the most significant tort claimant representations in lieu of listing individual tort claimants with the 20 largest unsecured

claims); *In re Presperse Corp.*, Case No. 24-18921 (MBK) (Bankr. D.N.J. Oct. 2, 2024) [Docket No. 94] (authorizing debtor to file a list of law firms with the largest number of open and active representations of parties with talc personal injury claims); *In re Whittaker, Clark & Daniels, Inc.*, Case No. 23-13575 (MBK) (Bankr. D.N.J. June 6, 2023) [Docket No. 177] (authorizing debtors to file consolidated list of the top 20 law firms with the most significant tort claimant representations).

**IV.    The Court Should Authorize the Special Procedures for Mailing and Publishing the Notice of Commencement.**

28.    Bankruptcy Rule 2002(a)(1) provides that the clerk (or other persons as directed by the court) must give the debtor, the trustee, all creditors and any indenture trustee at least 21 days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code.  Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the manner in which notices required under the Bankruptcy Rules are provided.  Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m). Similarly, Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007.

29.    Furthermore, the Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Fed. R. Bankr. P. 2002(l).  Additional authority for the court to designate the form and manner of notice can be found in section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

30.     As described above, the Creditor Matrix filed concurrently herewith does not yet contain all of the names of individual Represented Litigation Claimants.  In addition, the Debtor, through the Claims and Noticing Agent, has established a dedicated case website (the "Case Website") and toll-free number in connection with this Chapter 11 Case.  Therefore, in addition to mailing the Notice of Commencement to the parties identified on the Creditor Matrix, the Debtor proposes to publish, as soon as practicable, the Notice of Commencement (a) once in the national editions of the Wall Street Journal, USA Today, and St. Louis Daily Record, and (b) on the Case Website.  The Debtor believes that this form of publication notice is most likely to reach those parties-in-interest who may not have received notice by mail before the Debtor has been able to supplement the Creditor Matrix.

31.     The Debtor submits that the approval of the form and manner of the Notice of Commencement, as set forth above, is appropriate and within the Court's authority under section 105 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007.  Accordingly, the Debtor respectfully requests that the Court approve the form and manner of service contained herein, including notice by publication, of the Notice of Commencement.

## RESERVATION OF RIGHTS

32.     Nothing contained herein or any action taken pursuant to the relief requested is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim or other obligation; (d) a waiver of the Debtor or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability,

14

or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor or any party in interest's rights to subsequently dispute such claim.

## **NOTICE**

33.     Notice of this Motion has been provided by email, facsimile, or first-class mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the firms listed on the Debtor's list of the top twenty (20) law firms with the most significant representations of Represented Litigation Claimants; (d) counsel to the prepetition representative for future talc and asbestos claims; (e) the Internal Revenue Service; (f) counsel to the Non-Debtor Affiliates; (g) the attorneys general of the states in which the Debtor does business; and (h) all parties entitled to notice pursuant to Local Rules 2002-1(b) and 9013-1(m). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtor respectfully requests entry of the Interim Order, substantially in the form attached hereto as **Exhibit A**, and the Final Order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: August 2, 2026
Wilmington, Delaware

/s/ Jason S. Levin

| | |
|---|---|
| **MORRIS JAMES LLP** | **SIDLEY AUSTIN LLP** |
| Eric J. Monzo (DE Bar No. 5214) | Thomas R. Califano (*pro hac vice* pending) |
| Jason S. Levin (DE Bar No. 6434) | William E. Curtin (*pro hac vice* pending) |
| Samantha L. Rodriguez (DE Bar No. 7524) | Anne G. Wallice (*pro hac vice* pending) |
| 3205 Avenue North Boulevard, Suite 100 | 787 Seventh Avenue |
| Wilmington, Delaware 19803 | New York, New York 10019 |
| Telephone: (302) 888-6800 | Telephone: (212) 839-5300 |
| Facsimile: (302) 571-1750 | Facsimile: (212) 839-5599 |
| Email: emonzo@morrisjames.com | Email: tom.califano@sidley.com |
|     jlevin@morrisjames.com |     wcurtin@sidley.com |
|     srodriguez@morrisjames.com |     anne.wallice@sidley.com |
| | |
| *Proposed Co-Counsel to the Debtor and Debtor in Possession* | *Proposed Co-Counsel to the Debtor and Debtor in Possession* |

16