**Exhibit A**

**Proposed Interim Order**

v.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VI-JON, LLC,[1] | Case No. 26-11216 (___) |
| Debtor. | |
| | **Ref: Docket No.** ___ |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO
(A) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FROM THE
CREDITOR MATRIX AND OTHER DOCUMENTS, (B) LIST ADDRESSES OF
REPRESENTED LITIGATION CLAIMANTS' COUNSEL IN THE CREDITOR
MATRIX AND OTHER FILINGS IN LIEU OF REPRESENTED LITIGATION
CLAIMANTS' ADDRESSES AND SERVE REPRESENTED LITIGATION
CLAIMANTS AT SUCH ADDRESSES AND (C) LIST THE TWENTY LAW FIRMS
REPRESENTING THE LARGEST NUMBER OF REPRESENTED LITIGATION
CLAIMANTS INSTEAD OF THE TWENTY  LARGEST UNSECURED CREDITORS,
(II) APPROVING NOTICE OF COMMENCEMENT PROCEDURES, AND (III)
<u>GRANTING RELATED RELIEF</u>**

Upon the motion ("<u>Motion</u>") of Vi-Jon, LLC, as debtor and debtor in possession (the

"<u>Debtor</u>"), for entry of an interim order (this "<u>Interim Order</u>") (a) authorizing the Debtor to (i)

redact certain Personally Identifiable Information from the Creditor Matrix and certain other

documents filed in this Chapter 11 Case, (ii) list the addresses of counsel of record for the

Represented Litigation Claimants in the Creditor Matrix and other filings in lieu of the Represented

Litigation Claimants' addresses and serve all notices, mailings and other communications in this

Chapter 11 Case on the Represented Litigation Claimants' counsel and (iii) file the Top Plaintiffs'

Counsel List in lieu of filing a list of the 20 largest unsecured creditors, (b) authorizing the Debtor

to implement certain procedures for the mailing and publication of Notice of Commencement, and

(c) granting related relief, each as more fully set forth in the Motion; and upon consideration of

---

[1] The Debtor in this chapter 11 case is Vi-Jon, LLC.  The last four digits of the Debtor's federal tax identification number are 8002.  The Debtor's service address is 8800 Page Ave., St. Louis, MO 63114.

the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing on the Motion shall be held on _____, 2026 at _____ (prevailing Eastern Time) (the "Final Hearing").  Any objections or responses to entry of the proposed final order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____, 2026 and shall be served on (a) the Debtor, c/o BRG, 225 Franklin Street, Suite 3100, Boston, Massachusetts 02110, Attn.: Mackenzie Shea, Chief Restructuring Officer (MShea@thinkbrg.com); (b) proposed counsel to the Debtor, (i) Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019 and 2323 Cedar Springs Road, Suite 2600, Dallas, Texas 75201, Attn.: Jonathan E. Mitnick and Chelsea McManus (jemitnick@sidley.com; cmcmanus@sidley.com), and (ii) Morris James LLP, 3205 Avenue North Boulevard, Suite 100, Wilmington, Delaware 19803, Attn.: Eric Monzo and Jason S. Levin (emonzo@morrisjames.com;

jlevin@morrisjames.com)); (c) counsel to the Non-Debtor Affiliates, Bryan Cave Leighton Paisner LLP, One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, Missouri 63102 and 161 N. Clark Street, Suite 4300, Chicago, Illinois 60601, Attn.: Justin Winerman, Laurence Frazen, and Bart Wall (justin.winerman@bclplaw.com; larry.frazen@bclplaw.com; and bart.wall@bclplaw.com); (d) counsel to any statutory committee appointed in the chapter 11 case; and (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: Jonathan W. Lipshie, Esq. (jon.lipshie@usdoj.gov).  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter a final order without need for the Final Hearing.

3.       The Debtor is authorized to redact the home addresses and email addresses (collectively, the "Personally Identifiable Information") of individuals from the Creditor Matrix, the Debtor's schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules and SOFA"), affidavits or certificates of service, and any paper filed or to be filed with the Court in this Chapter 11 Case.

4.       The Debtor shall provide unredacted copies of any filings redacted pursuant to this Interim Order to (a) the Court, the U.S. Trustee and counsel to any official committee appointed in this Chapter 11 Case and (b) any party in interest upon  request that is reasonably related to this Chapter 11 Case; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity that is not a party to the request and the receiving party shall agree that the unredacted version(s) of the documents shall be maintained in strict confidence and shall not be used for any purpose that is not reasonably related to this Chapter 11 Case.  If a dispute arises regarding the reasonableness of such a request between the Debtor and a party other than the U.S. Trustee or any official committee, and the Debtor is unable to reach an

alternative resolution with the requesting party, such party shall request a hearing before the Court to resolve the dispute.  Each party receiving an unredacted copy of the Creditor Matrix or any other applicable documents shall keep personally identifiable information that is otherwise being redacted pursuant to the authority granted by this Interim Order confidential unless otherwise required to be disclosed by law or court order.

5.      Upon request of a party in interest, the Court may, upon a showing of good cause, release some or all of the personally identifiable information that is being redacted pursuant to the authority granted by this Interim Order.  All parties' rights are reserved.

6.      The Debtor is authorized to list the names, addresses and other contact information, as applicable, of counsel to the Represented Litigation Claimants in any creditor or service list, including the Creditor Matrix, provided to the Court or filed on the docket, in lieu of listing the contact information of individual Represented Litigation Claimants.

7.      The Debtor is authorized to serve and provide all notices, mailings and other communications that are required to be served on the Represented Litigation Claimants to the respective counsel of record for such claimants, to the extent available and based upon the information available to the Debtor, in the manner required pursuant to otherwise applicable notice procedures in effect in this Chapter 11 Case.

8.      For counsel representing multiple Represented Litigation Claimants, the Debtor may serve each document only a single time on such counsel on behalf of all such counsel's clients; *provided* that any notice or other document relating specifically to one or more particular Represented Litigation Claimants (rather than all Represented Litigation Claimants represented by such counsel) shall clearly identify such parties.

9.      The Debtor is authorized to file the Top Plaintiffs' Counsel List in lieu of a list of creditors holding the 20 largest unsecured claims.

10.     Nothing in this Interim Order constitutes (a) an implication or admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim or other obligation; (d) a waiver of the Debtor or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of the Debtor's or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code, or any other applicable law.  Any payment made pursuant to this Interim Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor or any party in interest's rights to subsequently dispute such claim.

11.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

14.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.