**<u>Exhibit B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VI-JON, LLC,[1] | Case No. 26-11216 (___) |
| Debtor. | |
| | **Ref: Docket Nos. _____ & _____** |

**FINAL ORDER (I) AUTHORIZING,**
**BUT NOT DIRECTING, THE DEBTOR TO (A) PAY**
**PREPETITION EMPLOYEE WAGES, SALARIES, OTHER**
**COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE**
**EMPLOYEE BENEFIT PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of Vi-Jon, LLC, as debtor and debtor in possession (the "Debtor"), for entry of a final order (this "Final Order") (a) authorizing, but not directing, the Debtor to pay prepetition wages, salaries, other compensation, including independent contractor obligations, and reimbursable expenses, and continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief, each as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtor in this chapter 11 case is Vi-Jon, LLC. The last four digits of the Debtor's federal tax identification number are 8002. The Debtor's service address is 8800 Page Ave., St. Louis, MO 63114.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2.      The Debtor is authorized, but not directed, to: (a) continue, modify, change, or discontinue Key Personnel Compensation and Employee Benefits in the ordinary course of business during this chapter 11 case without the need for further Court approval in its discretion, subject to applicable law, including via honoring, reimbursing, or remitting amounts to Vivos under the Administrative Services Agreements and the intercompany reconciliation and cash-remittance process described in the Motion, including amounts paid by Vivos to Benefit Providers on the Debtor's behalf and the Gross Payroll Fee; and (b) pay and honor prepetition amounts outstanding under or related to Key Personnel Compensation and Employee Benefits, including to Vivos, in the ordinary course of business, up to the amounts set forth in paragraph four of this Final Order; *provided* that the Debtor shall not make any payments to the Employee or, as applicable, the Independent Contractor that exceed the statutory cap on priority status set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code absent further order of this Court. Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or otherwise are subject to section 503(c) of the Bankruptcy Code. The Debtor will seek approval of any Insider bonus or incentive programs, if any, under separate motion under section 503(c) of the Bankruptcy Code.

3.     The Debtor is authorized, but not directed, to forward any unpaid amounts on account of the Payroll Deductions or the Payroll Taxes to the appropriate third-party recipients or taxing authorities in the ordinary course of business.

4.     Notwithstanding anything to the contrary herein, the Debtor is authorized, but not directed, in its sole discretion, to (a) continue to pay, remit, or reimburse, as applicable, the Key Personnel Compensation, Withholding Obligations, Payroll Processing Fees, Reimbursable Expenses, and Employee Benefit Obligations that come due and owing during the pendency of this chapter 11 case in the ordinary course of business and consistent with past practices, and (b) pay, remit, or reimburse, as applicable, prepetition amounts accrued and outstanding on account of Reimbursable Expenses, as set forth in the Motion; *provided* that the aggregate amount paid, remitted, or reimbursed under this paragraph shall not exceed $150,000.

5.     Nothing contained herein is intended or should be construed to create an administrative priority claim on account of Key Personnel Compensation and Employee Benefit Obligations.

6.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtor's instructions.

7.     The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a

3

consequence of this chapter 11 case with respect to prepetition amounts owed in connection with the relief granted herein.

8.     Notwithstanding anything to the contrary in this Order, the authority of the Debtor to make any payments under this Order is subject to the terms and conditions of the Amended Keepwell Agreement and the Budget (as defined thereunder).

9.     Nothing in this Final Order constitutes (a) an implication or admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtor or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of the Debtor's or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code, or any other applicable law. Any payment made pursuant to this Final Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor or any party in interest's rights to subsequently dispute such claim.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Final Order.