## Exhibit A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VI-JON, LLC,[1] | Case No. 26-11216 (___) |
| Debtor. | |
| | **Ref: Docket No.** |

**INTERIM ORDER**
**(I) AUTHORIZING THE DEBTOR**
**TO CONTINUE OPERATING UNDER THE SHARED**
**SERVICES AGREEMENTS AND (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of Vi-Jon, LLC, as debtor and debtor in possession (the "Debtor"), for entry of an interim order (this "Interim Order") (a) authorizing the Debtor to continue operating under the Shared Services Agreements, and (b) granting related relief, each as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having determined

---

[1] The Debtor in this chapter 11 case is Vi-Jon, LLC. The last four digits of the Debtor's federal tax identification number are 8002. The Debtor's service address is 8800 Page Ave., St. Louis, MO 63114.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing on the Motion shall be held on _____, 2026 at _____ (prevailing Eastern Time) (the "Final Hearing"). Any objections or responses to entry of the proposed final order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____, 2026 and shall be served on (a) the Debtor, c/o BRG, 225 Franklin Street, Suite 3100, Boston, Massachusetts 02110, Attn.: Mackenzie Shea, Chief Restructuring Officer (MShea@thinkbrg.com); (b) proposed counsel to the Debtor, (i) Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019 and 2323 Cedar Springs Road, Suite 2600, Dallas, Texas 75201, Attn.: William E. Curtin and Anne G. Wallice (wcurtin@sidley.com; anne.wallice@sidley.com), and (ii) Morris James LLP, 3205 Avenue North Boulevard, Suite 100, Wilmington, Delaware 19803, Attn.: Eric J. Monzo and Jason S. Levin (emonzo@morrisjames.com; jlevin@morrisjames.com); (c) counsel to the Non-Debtor Affiliates, Bryan Cave Leighton Paisner LLP, One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, Missouri 63102 and 161 N. Clark Street, Suite 4300, Chicago, Illinois 60601, Attn.: Justin Winerman, Laurence Frazen, and Bart Wall (justin.winerman@bclplaw.com; larry.frazen@bclplaw.com; and bart.wall@bclplaw.com); (d) counsel to any statutory committee appointed in the chapter 11 case; and (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: Jonathan W. Lipshie,

Esq. (jon.lipshie@usdoj.gov).  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter a final order without need for the Final Hearing.

3.  The Debtor is authorized, but not directed, to continue operating and performing its obligations under the Shared Services Agreements, on an interim basis subject to the entry of the Final Order, including its obligation to pay the fees, expenses, and reimbursement amounts thereunder in an amount not to exceed $2,000,000 during the Interim Period; *provided*, that no payment, settlement, reconciliation, or remittance authorized by this Order shall be made on account of any amount accrued or arising before the Petition Date other than relating to the Workers' Compensation Program, payroll, or employee benefits.

4.  This Interim Order does not authorize the assumption of the Shared Services Agreements.

5.  Following completion of the final monthly true-up for each applicable month, the Debtor shall provide any statutory committee appointed in this chapter 11 case and the U.S. Trustee with a summary of the final monthly true-up performed in connection with the applicable month-end close and the resulting intercompany balances.  Upon the reasonable request of any statutory committee appointed in this chapter 11 case or the U.S. Trustee, the Debtor shall provide additional detail regarding any Intercompany Transaction.

6.  Pursuant to section 362(d) of the Bankruptcy Code, to the extent the Debtor's employee holds claims under or in connection with the Workers' Compensation Program, the Debtor may authorize its employee to proceed with his claims related to the Workers' Compensation Program through and including the collection or payment of any judgment or claim under the Workers' Compensation Program; *provided*, that the prosecution of such claims is in

3

accordance with the Workers' Compensation Program and the recoveries are limited to the proceeds available under the Workers' Compensation Program.

7.      To the extent Workers' Compensation Obligations, employee-benefit amounts, Taxes and Fees, utility costs, insurance costs, or other direct costs are administered or paid by a Non-Debtor Affiliate pursuant to the Shared Services Agreements, the Debtor is authorized, but not directed, to continue participating in such arrangements and to reconcile and settle Debtor-attributable amounts in accordance with the intercompany reconciliation procedures described in the Motion.

8.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order without any duty to inquire otherwise and without liability for following the Debtor's instructions.

9.      Notwithstanding anything to the contrary in this Interim Order, the authority of the Debtor to make any payments under this Interim Order is subject to the terms and conditions of the Amended Keepwell Agreement and the Budget (as defined in the Amended Keepwell Agreement).

10.     Nothing in this Interim Order constitutes (a) an implication or admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtor or

4

any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of the Debtor's or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code, or any other applicable law. Any payment made pursuant to this Interim Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor or any party in interest's rights to subsequently dispute such claim.

11.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

12.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.