## Exhibit B

## Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VI-JON, LLC,[1] | Case No. 26-11216 (MFW) |
| Debtor. | |
| | **Ref: Docket Nos. ___ & ___** |

**FINAL ORDER (I) AUTHORIZING THE
DEBTOR TO (A) CONTINUE USE OF ITS EXISTING
CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND
BUSINESS FORMS AND (B) PAY CERTAIN OBLIGATIONS
RELATED THERETO, (II) AUTHORIZING POSTPETITION
INTERCOMPANY TRANSACTIONS, (III) EXTENDING THE TIME PERIOD
TO COMPLY OR WAIVING CERTAIN REQUIREMENTS OF SECTION 345(b) OF
THE BANKRUPTCY CODE, AND (IV) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of Vi-Jon, LLC, as debtor and debtor in possession (the "Debtor"), for entry of a final order (this "Final Order") (i) authorizing, but not directing, the Debtor to (a) continue use of its existing cash management system, bank accounts, and business forms and (b) pay certain obligations related thereto, (ii) authorizing, but not directing, the Debtor to continue postpetition Intercompany Transactions, (iii) extending the time period to comply or waiving certain requirements under section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines, and (iv) granting related relief, each as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being

---

[1] The Debtor in this chapter 11 case is Vi-Jon, LLC.  The last four digits of the Debtor's federal tax identification number are 8002.  The Debtor's service address is 8800 Page Ave., St. Louis, MO 63114.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2.      The Debtor is authorized, but not directed, to: (a) designate, maintain, and continue to use the Cash Management System as described in the Motion and honor any obligations related to the use thereof; (b) designate, maintain, close, and continue to use any or all of its existing Bank Accounts, including, but not limited to, the Bank Accounts identified in the Motion, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all the usual means, including checks, wire transfers, ACH transfers, electronic funds transfers, and other debits or electronic means; and (d) treat its prepetition Bank Accounts, for all purposes, as debtor-in-possession accounts; *provided* that in the case of each of (a) through (d), such action is taken in the ordinary course of business and consistent with past practice.

3.      The Debtor is authorized, but not directed, to enter into and engage in the Intercompany Transactions and to take any actions related thereto on the same terms as, and materially consistent with, the Debtor's operation of the business in the ordinary course during the prepetition period, and to reconcile amounts owed between the Debtor and the Non-Debtor

Affiliates, including netting and setting off obligations arising from the Intercompany Transactions, whether arising prepetition or postpetition, in the ordinary course of business, as determined by the Debtor in its business judgment; *provided* that postpetition Intercompany Transactions shall be reconciled and settled through weekly cash remittances and final monthly true-ups as set forth in the Motion; *provided, further*, that to the extent any Intercompany Transaction constitutes performance under or payment on account of the Shared Services Agreements, such relief is subject to entry of an order approving the Debtor's continued operation under the Shared Services Agreements.

4.      The Debtor shall continue to maintain current records with respect to all transfers of cash so that all transactions, including the Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.  Following completion of the final monthly true-up for each applicable month, the Debtor shall provide any statutory committee appointed in this chapter 11 case and the U.S. Trustee with a summary of the final monthly true-up performed in connection with the applicable month-end close and the resulting intercompany balances.  Upon the reasonable request of any statutory committee appointed in this chapter 11 case or the U.S. Trustee, the Debtor shall provide additional detail regarding any Intercompany Transaction.

5.      The Debtor is authorized to accrue intercompany balances to the extent such balances have not yet been settled through the weekly cash-remittance process or final monthly true-up as set forth in the Motion, during the pendency of this chapter 11 case.  Each payment (or other transfer of cash, whether to or from the Debtor) under any Intercompany Transaction is hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

6. The Carve-Out Amounts shall be held and disbursed solely to Retained Professionals in accordance with the Interim Order, the Final Order, and any interim compensation order or fee order entered in the Chapter 11 Case, as well as on account of U.S. Trustee Statutory Fees. The Carve-Out Amounts shall not be available for distribution on account of any other claim or equity interest (including administrative claims), and no liens, claims, encumbrances, or other interests shall attach to the Carve-Out Accounts or the Carve-Out Amounts.

7. The Debtor shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of (or on behalf of) the Debtor.

8. The Debtor is authorized, but not directed, to continue using, in their existing forms, the Business Forms, as well as checks and other documents relating to the Bank Accounts existing immediately before the Petition Date, and to maintain and continue using, in their existing forms, the Books & Records; *provided* that once the Debtor has exhausted its existing stock of Business Forms, the Debtor shall ensure that any new Business Forms are clearly labeled with the "Debtor in Possession" designation and the chapter 11 case number as soon as reasonably practicable to do so. To the extent the Debtor prints any new checks or uses any electronic Business Forms, it shall include the "Debtor in Possession" designation and the chapter 11 case number on all such checks as soon as reasonably practicable.

9. Each Cash Management Bank is authorized to continue to maintain, service, and administer the Bank Accounts held at such bank as accounts of the Debtor as debtor in possession without interruption and in the ordinary course of business consistent with past practice, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wire transfer requests, ACH transfers, electronic funds transfers, and other payment requests issued, drawn on, or directed to the Bank Accounts held at such bank after the Petition Date by the holders

or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order; *provided* that the Debtor shall only instruct or request any Cash Management Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date as authorized by an order of the Court.

10.    Each Cash Management Bank is authorized, without further order of this Court, to charge or deduct, and the Debtor is authorized, but not directed, to pay, honor, or satisfy any reasonable Bank Fees or charges associated with the Bank Accounts, including any prepetition amounts not to exceed $2,250, in the ordinary course and consistent with past practice.

11.    Each Cash Management Bank is authorized, without further order of this Court, to charge back to the appropriate Bank Accounts maintained at such bank any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

12.    The Debtor is authorized, but not directed, to open new bank accounts, close any existing Bank Account, and enter into any ancillary agreements related to the foregoing, as the Debtor may deem necessary and appropriate, subject to the terms and provisions of the Debtor's agreements with the Cash Management Banks, as applicable; *provided* that the Debtor gives notice within ten (10) days thereafter to the U.S. Trustee, counsel to the Non-Debtor Affiliates, and any statutory committee appointed in this chapter 11 case; *provided*, further, that the Debtor shall only open any such new bank accounts at banks that have executed a Uniform Depository Agreement

with the U.S. Trustee or at banks that are willing to immediately execute such an agreement.  The relief granted in this Final Order is extended to any new bank account opened by the Debtor in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank, in each case, pursuant to this Final Order.

13.     The Debtor shall serve a copy of this Final Order on each Cash Management Bank as soon as practicable after entry of this Final Order, and upon any bank at which the Debtor opens a new bank account as soon as practicable upon the opening of the new account.

14.     All banks maintaining any of the Bank Accounts that are provided with notice of this Final Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues timely stop payment orders in accordance with the documents governing such Bank Accounts.

15.     Subject to the terms set forth herein, each Cash Management Bank may rely upon the representations of the Debtor with respect to whether any check, draft, wire transfer request, ACH transfer, electronic funds transfer, or other payment request drawn or issued by the Debtor before the Petition Date should be honored pursuant to any order of this Court, and no Cash Management Bank that honors a prepetition check or other payment item drawn on any Bank Account (a) at the direction of the Debtor, (b) in a good-faith belief that this Court has authorized such prepetition check or payment item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed liable to the Debtor, its estate, or any other party on account of such prepetition check or other payment item being honored postpetition or otherwise deemed to be in violation of this Final Order.

16.     Any banks, including the Cash Management Banks, are further authorized to honor

the Debtor's directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; *provided* that no Cash Management Bank shall have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

17.     To the extent that any of the Bank Accounts or the Cash Management System are not in compliance with section 345(b) of the Bankruptcy Code or provisions of the U.S. Trustee Guidelines, the requirements of section 345(b) of the Bankruptcy Code and the applicable U.S. Trustee Guidelines are waived on a final basis with respect to the Bank Accounts and the Cash Management System; *provided that* the Debtor shall maintain the Bank Accounts at one or more Cash Management Banks or another financial institution that is an Authorized Depository or is otherwise acceptable to the U.S. Trustee, unless otherwise ordered by the Court.

18.     Nothing contained herein shall permit any Cash Management Bank to terminate any cash management services without thirty (30) days' prior written notice (or such other period as may be specified in any agreement between the Debtor and the applicable Cash Management Bank) to the Debtor, the U.S. Trustee, counsel to the Non-Debtor Affiliates, and any official committee appointed in this chapter 11 case.

19.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order.

20.     Nothing contained in the Motion or this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of the Debtor that did not exist as

of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest, lien, or setoff or recoupment right, in favor of any person or entity, that existed as of the Petition Date.

21.    Notwithstanding anything to the contrary in this Final Order, the authority of the Debtor to make any payments under this Final Order is subject to the terms and conditions of the Amended Keepwell Agreement and the Budget (as defined thereunder).

22.    Nothing in this Final Order constitutes (a) an implication or admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtor or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of the Debtor's or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code, or any other applicable law. Any payment made pursuant to this Final Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor or any party in interest's rights to subsequently dispute such claim.

23.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

8

Order are immediately effective and enforceable upon its entry.

25.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

26.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Final Order.